UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Wuxi Taihu Tractor Company, Ltd., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-09-14 |
| | § | |
| The York Group, Inc., | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.      *Background.*

      The York Group, Inc., an American casket company, sued Wuxi Taihu Tractor Company, Ltd., a Chinese casket company, in Texas state court in July of 2006. The following July, that court entered a final judgment enjoining Tractor from copying York's designs and distributing caskets with those designs in the United States. A year later, concluding that Tractor was violating the injunction, York sued in state court to enforce the judgment.

      Tractor promptly removed the enforcement action to this court. Four-and-a-half months after Tractor removed the suit, it petitioned the state court for a bill of review. York removed that petition to this court and then moved to dismiss it. The motion to dismiss has been converted to a motion for summary judgment. Also, Tractor seeks remand and leave to amend its petition.

2.      *Remand.*

      York and Tractor are residents of two different places other than Texas; they are constitutionally diverse. Both Tractor's removal of the suit on judgment and York's removal of the bill of review were proper.

      Although Tractor brought the suit on judgment to this court, it insists that its petition for a bill of review can only be heard in the court where the judgment was rendered – the 165th Judicial District of Harris County, Texas – and that this action must be remanded. Its argument would be correct had it not brought the suit on judgment to this court. By removing

the enforcement suit, the state court judgment has become the judgment of this court.  This court can modify its own orders.  Federal courts also have the authority to equitably relieve a party from a state judgment.  *Simon v. S. Ry. Co.*, 236 U.S. 115, 125 (1915); *Wells Fargo & Co. v. Taylor*, 254 U.S. 175, 183-84 (1920).  A defense to the enforcement of a judgment can be heard here, whether it is framed as a compulsory counterclaim or petition for a bill of review.

A.    *Barrow v. Hunton.*

The Supreme Court has examined the boundaries of removal in an action seeking to set aside a state judgment.  In  *Barrow v. Hunton*, Hunton obtained a default judgment against Goodrich in state court.  Goodrich then sued Hunton in state court, petitioning for a decree of nullity because he said that he was not served correctly.  Hunton removed the petition to the federal circuit court.  The federal court nullified the judgment against Goodrich, and Hunton appealed.  Goodrich died and was succeeded by Barrow, his administrator.  The Supreme Court said that the federal circuit court did not have jurisdiction to hear the case and remanded it.

To reach its conclusion, the Court developed a dichotomy unsupported by the removal statute – as it was then or as it is now.  It discovered that a suit to void a judgment because of a procedural error or misapplication of the law must be brought in the same court that rendered the judgment because it is a continuation of the underlying suit.  It said that a suit to void a judgment can be removed to federal court only if new facts were discovered that affected the judgment's validity – a legal invention that is extraneous to the text of the removal statute.  Goodrich argued for nullity because of a service error – a procedural defect.  Having just announced that this category of error could not be removed to federal court, the Court found that the case must be remanded.  *Barrow v. Hunton*, 99 U.S. 80, 83 (1878).  The source of the court's incompetence to hear the case is unexplained; there is no textual support in the Constitution or the Code.  The court then recedes from its holding when it notes that "the character of the cases themselves is always open to examination for the purposes of determining whether . . . the courts of the United States are incompetent to take jurisdiction . . . State rules on the subject cannot deprive them of it."  *Id.* at 85.

The holding in Barrow does not vitiate jurisdiction here.  The facts of this case are different.  In *Barrow*, Goodrich never appeared and the court entered a true default judgment.  Here, Tractor defaulted post-answer.  It appeared but then did not defend itself at trial, resulting

in a judgment for York.  Before tinkering with terms, this was called a judgment *nil dicit* – he says nothing.

Second, the *Barrow* rule applies "only when an action in federal court seeks to nullify or enforce the judgment of a prior state court suit." *Beighley v. FDIC*, 868 F.2d 776, 781 (5th Cir.1989) (superceded by statute on other grounds, *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 228 n.14 (5th Cir. 1989)).  Here, Tractor has willingly brought the suit on judgment to federal court.  Once a case is removed, it is treated as if it had commenced in federal court.  28 U.S.C. § 1450 (2006); *Savell v. S. Ry.*, 93 F.2d 377, 379 (5th Cir. 1937).  Tractor's petition seeks to nullify a judgment that has become the judgement of this court.  Its attack on the judgment must stay here.

Third, federal courts also have the equitable power to relieve a party from a state judgment by enjoining its enforcement. *See Wells Fargo & Co. v. Taylor*, 254 U.S. 175, 184-85 (1920).  Tractor forgoes no remedy by having its evasive attack adjudicated in the forum where it brought York's enforcing attack.

B.      *Rooker-Feldman.*

Tractor also says that this court lacks jurisdiction over its petition for a bill of review because it is a separate state court action that seeks to set aside a state court judgment.  The *Rooker-Feldman* "doctrine," which says that federal courts cannot sit in direct review of state court decisions without congressional authorization, has endured widely varying interpretations by federal courts and has recently been severely circumscribed by the Supreme Court.

In *Rooker*, the state trial court entered a judgment against the Rookers.  They appealed to the state supreme court and lost.  The Rookers then filed suit in federal district court to overturn the state supreme court judgment, arguing that the state supreme court judgment enforced a statute that violated the U.S. Constitution.  The federal district court dismissed the suit for lack of jurisdiction.  The Rookers appealed that dismissal to the Supreme Court.  The court affirmed the dismissal, reasoning that district courts cannot serve as appellate courts for those who are unhappy with a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Feldman was a lawyer who tried to join the D.C. bar without examination because of his membership elsewhere.  He did not meet the District's requirement that he have had graduated from an accredited law school.  The admissions committee denied his request, so he

wrote a letter protesting its decision to the D.C. Court of Appeals. The court issued an opinion affirming his denial. Feldman then sued in district court, saying that the denial violated his 5th amendment right and requesting an injunction requiring that the District either grant his admission to the bar or allow him to sit for the examination.

Hickey, a graduate from an unaccredited law school, sued with Feldman. For the three years before Hickey graduated, the D.C. Court of Appeals had waived the accreditation requirement for graduates of his school. In Hickey's final year of school, the court stopped that practice and denied Hickey's request for a waiver. Though the allegations were identical to Feldman's, Hickey only requested an order that he be permitted to sit for the bar exam.

The federal district court dismissed Feldman's and Hickey's cases on the grounds that it could not hear an appeal from a final decision of a state court. The Supreme Court agreed with the district court, saying that the D.C. Court of Appeal's determination was a judicial, not administrative, and could only be appealed to it, not to a district court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

In both *Rooker* and *Feldman*, the state-court losers sued in federal district court seeking relief from a state court judgment. The preclusive effect of *Rooker-Feldman* extended only to claims that, while not raised in state court, were "inextricably intertwined" in those proceedings. *See Feldman*, 460 U.S. at 482 n.16.

Since then, the Supreme Court has clarified that the scope of *Rooker-Feldman* is narrow. It applies only to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In *Exxon*, the parties were simultaneously litigating in state and federal court. The state suit was filed first, followed by the federal suit two weeks later. The federal defendants moved to dismiss the federal suit and the court denied it. Taking an interlocutory appeal, the third circuit reversed the district court, hypothesizing that if an appeal from the state-court judgment succeeded, the federal suit would then become one to invalidate a state-court judgment. Reversing the Third Circuit, the Supreme Court stressed that *Rooker-Feldman* was not triggered by the entry of judgment in state court during parallel litigation. The state court judgment may preclude claims or issues, but does not terminate federal jurisdiction over the case. *Id.* at 293.

Two important distinctions, working in tandem, take this case out of the scope of *Rooker-Feldman*. Again, Tractor removed the suit on judgment, making the judgment's enforcement within the jurisdiction of this court. Second, Tractor, the state court loser, did not bring the bill of review here; the winner lawfully removed it. The concern underlying *Rooker-Feldman* – that state court losers will try to void those judgments by appealing them through a new suit to federal district courts – is not present here.

In sum: York obtained a favorable judgment against Tractor in state court. Tractor could have appealed the judgment or pursued a writ of error; it did not. A year later, York sued to enforce the judgment in state court. Tractor could have raised its objections to the judgment then through counterclaim or a petition for a bill of review. Instead, it chose to remove York's suit, bringing the state judgment here. Having elected federal jurisdiction, it then sought a bill of review in state court after the federal court suit was well underway. Just as it exercised its right to remove the suit on judgment, York exercised its right by removing Tractor's petition for a bill of review.

Tractor cannot remove one action from state court, bring a second case in the court that it voluntarily removed from, and now object to this removal. Both removals were proper. Tractor is not losing a remedy by having its petition brought here – equitable relief is available in this court whether it is called a bill of review or something else. Tractor's motion to remand will be denied.

3.    *Laches.*

The time for filing a bill of review is four years from the date of judgment. Tex. Civ. Pract. & Rem. Code § 16.051 (2008). A bill to avoid a judgment must be brought diligently – or the delay excused – even within the four-year limit. *Ruland v. Ley*, 144 S.W. 2d 883, 884 (Tex. 1940) (petition four months after notice of dismissal for want of prosecution); *Myers v. Pickett*, 16 S.W. 643, 644-45 (Tex. 1891) (ignorance did not excuse a two-year delay); *Raney v. Mack*, 504 S.W.2d 527, 532 (Tex. Civ. App.–Texarkana 1973) (waited thirteen months from the discovery of fraud with no excuse for delay).

The final judgment was entered against Tractor on July 26, 2007. Tractor did not appeal. It did not seek a bill of review until December 16, 2008. That is (a) sixteen months after the judgment was issued, (b) five months after York sued to enforce it, and (c) four-and-a-half months after Tractor removed York's suit. Tractor has no explanation for its delay.

The theory of its petition for a bill of review – that it was never properly served – was available to it the instant that the judgment was issued. Tractor had moved the court, had objected to jurisdiction, and had objected to rulings. It had active, direct knowledge of the whole proceeding.

Tractor's petition includes no facts that it discovered since the judgment. It merely reasserts the legal conclusions that it offered in its state court pleadings – conclusions that the state court rejected. Because Tractor has no new information in its petition and brought it to delay the suit on judgment, it is barred by laches.

4.    *Exhaustion of Remedies.*

Similar to laches, a bill of review must be predicated on the party's having failed to exhaust its legal remedies. *See Lynn v. Hanna*, 296 S.W. 280, 281 (Tex. 1928), *Tice v. City of Pasadena*, 767 S.W. 2d 700, 702 (Tex. 1989), *Perdue v. Patten Corp.*, 142 S.W.3d 596, 606 (Tex. App.–Austin 2004). Tractor was aware of the judgment on August 1, 2007, five days after it was issued. Tractor had enough notice to timely appeal the judgment, seek a writ of error, or move for a new trial, but it chose to wait. It did not exhaust its remedies; it carelessly let them expire until only the petition for a bill of review remained.

5.    *Bill of Review.*

Even if Tractor's petition for a bill of review were not too late, it fails on the merits. A bill of review is an independent action to set aside a final judgment that is unappealable. A party may seek it when, through no fault of its own, it was prevented by fraud, accident, mistake, or official error from pursuing a meritorious defense. *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950).

Tractor says that an improperly-served party is not required to plead that it had a meritorious defense unmixed with its own fault. This overstates the law. A party is excused from those requirements if it was never served, not if it was improperly served. *See Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998) (lack of service established that petitioner was not at fault), *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006).

Far from exempting improperly-served defendants from establishing the elements for a bill of review, Texas law presumes that a defendant who has not been served has not been negligent in pursuing his defense. Without service or notice of the judgment, Constitutional

due process relieves the additional hurdle of showing that the defense would have been meritorious. *See Peralata v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 85 (1988). Those who have appeared in a suit are required to prove each element of the petition. *Ross*, 197 S.W.3d at 798.

Here, Tractor has appeared. It affirmatively participated in the case, and it had notice of the judgment against it. Unlike *Ross* and *Caldwell*, with their true default judgments, the judgment here is a post-answer default. Tractor saw the train coming and stood firmly in its path. Unlike those without notice, Tractor cannot shortcut the elements for its bill.

A.     *Defense.*

In its petition for a bill of review, Tractor says that it was not properly served under the Hague Convention. Tractor appeared in the first suit, waiving its objections to service and waiving the Hague Convention. Although its appearances were not made through counsel as required by Texas procedure, it is clear from the face of these pleadings that someone with limited legal learning had been assisting Tractor. Its affirmative actions in state court preclude its objections to service.

(1)     *General Appearance.*

Tractor argues that because a corporation cannot appear *pro se*, it never appeared. In Texas, only a licensed attorney can represent a corporation in litigation. Rule 7 allows individuals, not corporations, to appear pro se. *See Globe Leasing, Inc. v. Engine Supply and Mach. Serv.*, 437 S.W.2d 43, 45 (Tex. Civ App.–Houston 1969). This rule does not allow a corporation to send a non-lawyer representative to argue its position.

Tractor argued its position in the state court suit through several filings: an answer, two demurrers, and a motion to dismiss. In fact, Tractor insisted that the Texas rules allowed it to represent itself during the state-court proceeding, in the face of court orders instructing it to get a lawyer. Now, after its arguments did not sway the state court, it wants to use its own recalcitrance in not obtaining counsel as a way to free itself from the consequences of appearing.

(2)     *Special Appearance.*

A party may preserve its defense to personal jurisdiction through a special appearance. Tex. R. Civ. P. 120a(1). It can also challenge service of process through a motion to quash. Tex. R. Civ. P. 122. *See Kawaski Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex. 1985).

A defective special appearance is a general appearance. Tex. R. Civ. P. 120a(1). In a special appearance, the defendant has the burden to negate all bases of personal jurisdiction. *Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d 434, 438 (Tex. 1982).

Tractor did not make a special appearance. Even if the substance of Tractor's pleadings is construed as an attempted special appearance, it is not sworn. Nor do they show, other than with blanket recitations of the legal standards for the rule, that Tractor is not subject to jurisdiction in Texas. Having made a general appearance, it waived a defense to personal jurisdiction. York then obtained a post-answer default judgment when Tractor did not attend trial. *See Stoner v. Thompson*, 578 S.W.2d 679 (Tex. 1979).

Tractor waived its objections to service and personal jurisdiction through its active participation in the case, although it proceeded without counsel.

(3)   *Not Meritorious.*

In Texas, the only remedy for improper service is more time to answer. Tex. R. Civ. P. 122. *See also Kawaski*, 699 S.W.2d at 202. Tractor answered, and then some, in the state court suit. It has not stated in its petition for a bill of review any defense to what it did that could relieve it from the judgment under Texas law.

That the Hague Convention, rather than the Texas long-arm statute, would have governed service in this case is irrelevant. Objections to curable defects in service, including defects under the Hague Convention, must be brought by a motion to quash, not a special appearance – or in this case, a general appearance. *Wright v. Sage Eng'g, Inc.*, 137 S.W.3d 238, 246-47 (Tex. App.–Houston [1 st Dist.] 2004, writ ref'd). The Hague Convention itself contemplates relief from judgment only when a defendant has not appeared. *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Nov. 15, 1965, 20 art. 15 and 16, 20 U.S.T. 361 (appended to Fed. R. Civ. P. 4); *see 360 Insight v. Spamhaus Project*, 500 F.3d 594, 600 (7th Cir. 2007). Improper service under the Hague Convention is not a meritorious defense.

Recognizing the futility of its pleaded defense, Tractor has moved to amend its bill of review to add a defense that York's designs are not protectable. This court denied Tractor's motion as untimely and ineffectual. Tractor moved to reconsider; this court declined reconsideration. Briefly, even had this court granted the amendment, the petition for bill of review must still be denied.

(4)    *Preclusion of Compulsory Counterclaims.*

Under Texas law, a defendant must bring a counterclaim that it has at the time of the plaintiff's filing if that claim arises out of the same transaction and does not involve third parties who are beyond the court's jurisdiction. Tex. R. Civ. P. 97. When York sued on the copying, distributing, and selling of its caskets, Tractor was required to cross-claim for a declaration that its products did not infringe protected aspects of York's designs. It did not, and the state court entered a final judgment enjoining Casket from that activity.

In Texas, a final judgment precludes a later action when the first judgment is on the merits, the second suit is between the same parties, and the second suit is based on claims that could have been brought in the first suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992). Tractor appeared in the first suit and attacked service – not York's legal theory. Waiving that opportunity, the state court entered a final judgment on the merits. Tractor cannot re-litigate the defense it lost through its inaction.

B.    *Mistake or Error.*

Tractor must also show that its meritorious defense was prevented by York's mistake or error of the court. It cannot. It discovered no facts post-judgment that, if true, would predicate a review. Nothing was concealed from it, nothing was lost or mis-docketed, and no errors were made by the clerk. Tractor does not assert that there was any fraud perpetrated against it. Tractor's own mistakes, including its multiple general appearances, its refusal to hire a lawyer, and its decision not to appeal the judgment, cannot be excused through a bill of review.

C.    *Negligence.*

In its petition, Tractor says that its "inability to prevent the entry of Final Judgment was not the result of any fault or negligence of Taihu Tractor Co." For over a year during the state court suit, though, it refused to get a lawyer to represent it. It was ordered to get counsel; it chose to disregard the court's warnings and continued filing responsive papers. "Where a corporation chooses to represent itself through a non-attorney officer, it does so at its own risk; to do so may be viewed as negligence." *Dell Dev. Corp. v. Best Indus. Uni. Supply Co., Inc.*, 743 S.W.2d 302, 303 (Tex. App.–Houston [14th Dist.] 1987, writ ref'd). Tractor ultimately did not put on a defense at trial, and York obtained a post-answer default judgment.

Had Tractor retained a lawyer, it would have known how it could have preserved its defense to personal jurisdiction. It could have raised the legal theory of whether York's designs were protectable on summary judgment. It also could have appealed the judgment. Tractor is correct that it was not negligent – its refusal to obtain counsel and to take its defense seriously was willful, obstinate, and deliberate.

7.     *Conclusion.*

Because the judgment accompanied Tractor's removal of the enforcement suit, its motion to remand will be denied. Because Tractor appeared and has no defense, York's motion for summary judgment on the bill of review will be granted.

Signed on February 7, 2011, at Houston, Texas.

_____

Lynn N. Hughes
United States District Judge